UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CORY MASON, | No. 1:16-CV-3069-JTR |
| Plaintiff, | ORDER GRANTING DEFENDTANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 15, 18. Attorney D. James Tree represents Cory Mason (Plaintiff); Special Assistant United States Attorney Jennifer Ann Kenney represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff protectively filed an application for Supplemental Security Income (SSI) on May 23, 2012, alleging disability since birth (May 10, 1991), due to Asperger's syndrome, ADHD/ADD, fetal alcohol syndrome, conduct disorder, bipolar disorder, and depression/suicidal. Tr. 269-274, 330. Plaintiff's application was denied initially and upon reconsideration.

Administrative Law Judge (ALJ) Ruperta M. Alexis held hearings on February 6, 2014, Tr. 66-92, and July 15, 2014, Tr. 36-65, and issued an

unfavorable decision on September 25, 2014, Tr. 18-30. The Appeals Council denied review on February 22, 2016. Tr. 1-3. The ALJ's September 2014 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on April 25, 2016. ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was born on May 10, 1991, and was 21 years old on the filing date of his application, May 23, 2012. He attended school through the 8th grade and has never worked. Tr. 79, 330-331. He indicated he believed he was unable to work because he has a hard time getting along with others and difficulty multitasking or focusing/concentrating. Tr. 76-78. He indicated he has applied for several jobs, such as field and warehouse work, but had not been able to obtain employment. Tr. 44-45. He agreed that his offender status may be a reason he has not been able to secure a job. Tr. 45. Plaintiff testified telephonically from jail at the first administrative hearing because he had been arrested for failure to register, a requirement he has as a result of a kidnapping offense at the age of 15. Tr. 73-74, 83-84. He has had several arrests and incarcerations as a result of his failures to register since he became homeless in 2010. Tr. 44, 74-76.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, deferring to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.

ORDER GRANTING DEFENDANT'S MOTION . . . - 2

*Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that physical or mental impairments prevent him from engaging in his previous occupation. 20 C.F.R. § 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. § 416.920(a)(4)(v).

**ADMINISTRATIVE DECISION**

On September 25, 2014, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date, May 23, 2012. Tr. 20. At step two, the ALJ determined Plaintiff had the following severe impairments: developmental/cognitive disorder (ADHD versus Autism Spectrum Disorder versus Fetal Alcohol Syndrome); affective disorder (major depressive disorder versus bipolar disorder); anxiety disorder; and personality disorder. Tr. 20. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 22.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined he could perform a full range of work at all exertional levels with the following nonexertional limitations: he can understand, remember and perform simple, repetitive, routine tasks in a structured work environment, meaning there are clear goals, directions and duties outlined; he can follow a schedule and complete a normal workday; and he can have occasional interaction with co-workers and the public. Tr. 24.

At step four, the ALJ noted Plaintiff has no past relevant work. Tr. 29. At step five, the ALJ determined that based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience and RFC, Plaintiff could perform other jobs present in significant numbers in the national economy, including the jobs of vehicle cleaner, hand packager and laundry laborer. Tr. 29-30. The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from May 23, 2012, the date the application was filed, through the date of the ALJ's decision, September 25, 2014. Tr. 30.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff argues the ALJ erred in her assessment of the medical source opinions of record pertaining to Plaintiff's mental condition. ECF No. 15 at 6-19. Plaintiff specifically challenges the ALJ's evaluation of the opinions of Jody Veltkamp, Psy.D., Robert J. McDevitt, M.D., and Roland Dougherty, Ph.D. ECF No. 15 at 6-19.

**DISCUSSION**

**A.    Plaintiff's Credibility**

While Plaintiff has not challenged the ALJ's finding that Plaintiff was not entirely credible, Tr. 25-26, the Court finds the ALJ's credibility determination significant in this case.

The ALJ indicated Plaintiff's activities throughout the relevant period were inconsistent with his allegations of severely limiting symptoms,[1] regular notations in Plaintiff's treatment notes of normal psychiatric observations were inconsistent with Plaintiff's allegations of severely limiting mental health symptoms and Plaintiff's performance on psychological testing was inconsistent with his allegations of severely limiting mental health symptoms,[2] there is a lack of mental health complaints by Plaintiff during the relevant time period,[3] and Plaintiff

---

[1] It is well-established that the nature of daily activities may be considered when evaluating credibility. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

[2] A lack of supporting objective medical evidence is a factor which may be considered in evaluating an individual's credibility, provided that it is not the sole factor. *Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991).

[3] Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment cast doubt on a claimant's subjective

described difficulty obtaining work as a result of his criminal history, not because of limitations from his impairments.[4] Tr. 25-26.

The ALJ provided several reasons for discounting plaintiff's subjective complaints, and those reasons are clear, convincing, and fully supported by the record. In any event, as stated above, Plaintiff has not contested the ALJ's credibility finding in this case. *See Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003) (issues not specifically and distinctly contested in a party's opening brief are considered waived). Accordingly, it is undisputed that the ALJ properly determined Plaintiff was not fully credible in this matter.

**B.    Medical Source Opinions**

Plaintiff's sole contention in this case is that the ALJ erred by failing to properly weigh the opinions of certain medical sources regarding his mental limitations. Plaintiff specifically argues the ALJ erred by giving very little weight to the opinions of Dr. Veltkamp, according significant weight to only a portion of Dr. Dougherty's opinion and giving significant weight to the opinions of medical expert McDevitt. ECF No. 15 at 6-19.

In this case, the ALJ found that although Plaintiff had severe mental impairments (a developmental/cognitive disorder, an affective disorder, an anxiety

---

complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The Ninth Circuit has also determined a claimant's failure to report symptoms is a clear and convincing reason to reject a claimant's statements. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006).

[4]The inability to work due to nondisability factors is a valid basis for rejecting a claimant's credibility. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (stating that in making a credibility determination, the ALJ did not err by considering that claimant left his job because he was laid off, rather than because he was injured).

disorder, and a personality disorder), the medical evidence did not support the degree of limitation alleged by Plaintiff. Instead, the ALJ determined Plaintiff retained the RFC to perform a full range of work at all exertional levels with the following nonexertional limitations: he can understand, remember and perform simple, repetitive, routine tasks in a structured work environment; he can follow a schedule and complete a normal workday; and he can have occasional interaction with co-workers and the public. Tr. 24. The Court finds the ALJ's interpretation of the medical evidence of record is supported by substantial evidence. *See infra*.

### 1. Jody Veltkamp, Psy.D.

Plaintiff contends the ALJ erred by giving "very little weight" to the January 2006 examining report of Dr. Veltkamp. ECF No. 15 at 6-8.

The relevant time period in this case is from the filing date of Plaintiff's application, May 23, 2012, through the date of the ALJ's determination, September 25, 2014. Evidence from outside of this period of time can be deemed useful as background information; however, it is irrelevant to the extent that it does not address Plaintiff's medical status during the relevant period at issue in this action. *See Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989). In fact, as specified by the ALJ, Plaintiff had a prior application for disability that became administratively final on April 6, 2010, Tr. 95, the ALJ found no grounds for reopening that prior determination, and the ALJ indicated any discussion of evidence prior to the date of that final determination would be for historical purposes only and should not be construed as an attempt to reopen the prior case. Tr. 18.

Dr. Veltkamp examined Plaintiff in January 2006, when Plaintiff was a 14-year-old middle school student. Tr. 367-380. As indicated by the ALJ, this evaluation report greatly predates the relevant time period. Tr. 28. Consequently, the Court finds the ALJ provided a proper basis for concluding Dr. Veltkamp's January 2006 assessment was entitled to "very little weight" and that more recent records would be more pertinent to Plaintiff's May 2012 application for SSI. *Id*.

Although the ALJ properly accorded little weight to the January 2006 opinions of examiner Veltkamp, it is significant to note Dr. Veltkamp's testing revealed Plaintiff rated in the average to low-average range in testing related to academic achievement and attention/concertation. Tr. 370-371. Although Dr. Veltkamp found Plaintiff displayed significant difficulty with executive functions, Tr. 371-372, Dr. Veltkamp opined Plaintiff did not classify as having a learning disability and demonstrated no difficulty with attention/concentration, Tr. 374-375.

### 2. Roland Dougherty, Ph.D.

Plaintiff also contends the ALJ erred by not including all of the limitations expressed in Dr. Dougherty's report in her ultimate RFC determination. ECF No. 15 at 16-18.

On August 25, 2014, following the administrative hearing, Dr. Dougherty examined Plaintiff. Tr. 645-670. Dr. Dougherty diagnosed ADHD; autism spectrum disorder; probable fetal alcohol effects; major depressive disorder, moderate, chronic; bipolar disorder, NOS; anxiety disorder, NOS; and subclinical posttraumatic disorder symptoms. Tr. 655. Dr. Dougherty filed out a Medical Source Statement of Ability to Do Work-Related Activities (Mental) check-box form noting marked impairment (serious limitation) with Plaintiff's abilities to understand and remember complex instructions; carry out complex instructions; make judgments on complex work-related decisions; interact appropriately with the public; and respond appropriately to usual work situations and to changes in a routine work setting, Tr. 643-644, despite opining in his narrative report that Plaintiff was likely to have the ability to do some detailed and complex tasks; should be able to accept instructions from supervisors; was likely to have some difficulty interacting with coworkers and the public; and may be able to maintain regular attendance in the workplace if he had stable housing, but was likely to have a good deal of difficulty completing a normal workday/workweek without interruptions from his mental impairments, Tr. 657. Dr. Dougherty indicated

Plaintiff's report of some episodes of euphoria may also make it difficult for Plaintiff to maintain employment and would likely make it difficult for him to deal with stress encountered in the workplace. Tr. 657.

The ALJ accorded "significant" weight to Dr. Dougherty's opinion "with one exception." Tr. 27. The ALJ is not required to adopt in full the opinion of any particular medical source. *See Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989) ("It is not necessary to agree with everything an expert witness says in order to hold that his testimony contains 'substantial evidence.'" (quoting *Russell v. Bowen*, 856 F.2d 81, 83 (9th Cir. 1988))). An ALJ may properly rely upon only selected portions of a medical opinion while ignoring other parts, but such reliance must be consistent with the medical record as a whole. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001).

The ALJ gave weight to Dr. Dougherty's check-box conclusions that Plaintiff would be capable of performing simple instructions and interacting with supervisors and coworkers and to Dr. Dougherty's narrative report that Plaintiff had fair social skills, is likely to have the ability to perform some detailed and complex tasks, and would have some difficulty interacting with coworkers and the public. Tr. 27, 643-644, 657. The ALJ indicated these limitations were consistent with the record, including normal psychiatric observations and psychological test performances and Plaintiff's minimal mental health treatment, and accounted for Dr. Dougherty's limitations by restricting Plaintiff to the performance of simple, repetitive tasks in a structured work environment with occasional coworker and public contact. Tr. 27.

However, the ALJ assigned little weight to Dr. Dougherty's opinion that Plaintiff would have difficulty completing a normal workday/workweek due to his mental health condition and is likely to have difficulty handling workplace stress. Tr. 27, 657. These findings are inconsistent with the evidence of record, including normal psychiatric observations and psychological test performances and

Plaintiff's lack of mental health treatment, and Dr. Dougherty cited only Plaintiff's "multiple disorders" and Plaintiff's reports of episodes of euphoria as the basis for these findings. Tr. 27, 657. Although Dr. Dougherty administered psychological testing which revealed possible mild to moderate cerebral impairments, a full scale IQ in the low average range, visual memory and visual working memory in the borderline range, immediate memory and delayed memory in the low average range, and auditory memory, a relative strength for Plaintiff, in the average range, Tr. 654, it is apparent, as determined by the ALJ, that Dr. Dougherty relied on Plaintiff's subjective statements for his conclusion that Plaintiff would have difficulty completing a normal workday/workweek and would likely have difficulty handling workplace stress, *see* Tr. 646-653 (self-reported history and description of symptoms). As indicated above, the ALJ's finding that Plaintiff is less than fully credible is supported by the evidence of record and free of error, and, pursuant to *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001), a physician's opinion may be disregarded when it is premised on the properly rejected subjective complaints of a plaintiff. *See Morgan v. Comm'r. of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (the opinion of a physician premised to a large extent on a claimant's own account of symptoms and limitations may be disregarded where they have been properly discounted).

      Plaintiff contends Dr. Dougherty's diagnoses of ADHD, major depressive disorder, and bipolar disorder, in combination with autism and probable fetal alcohol effects, provide support for a finding that Plaintiff would have "a good deal of difficulty completing a normal workday/workweek." ECF No. 15 at 18. However, "the mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). Plaintiff has failed to show that these impairments caused any disabling functional limitations and fails to specify any functional limitations from these diagnoses that were not accounted for in the ALJ's RFC determination.

Here, the ALJ properly evaluated the opinions of Dr. Dougherty, interpreted and resolved ambiguities from the entirety of the medical evidence, and adopted the limitations she found credible and supported by the overall record. The ALJ did not err by giving "significant weight" to the opinion of Dr. Dougherty, while also discounting a portion of the opinion.

### 3. Robert McDevitt, M.D.

Plaintiff additionally contends the ALJ erred by according significant weight to the opinion of medical expert Robert McDevitt, M.D. ECF No. 15 at 6-16.

Dr. McDevitt testified at the administrative hearing held on July 15, 2014. Tr. 46-57. He stated the records indicated Plaintiff has a series of behavioral problems but found there was no evidence of a major mental impairment. Tr. 48-49, 52-53, 54. From a mental health standpoint, he noted there were no records of treatment since 2012. Tr. 50. Dr. McDevitt nevertheless opined the record reflected Plaintiff was too high functioning for any type of sheltered workshop and concluded Plaintiff should be able to perform simple, repetitive work and some complex work. Tr. 50. He believed Plaintiff would function best in a structured situation with clear goals and clear tasks. Tr. 52.

The ALJ accorded significant weight to the medical expert's testimony, finding it was consistent with Plaintiff's performance on psychological testing, his activities and the normal psychiatric observations found in the record. Tr. 26.

Plaintiff argues that Dr. McDevitt at no time cited any other source for his testimony other than Dr. Veltkamp, an examining physician the ALJ subsequently rejected. ECF No. 15 at 7-8. That is not the case. Dr. McDevitt indicated he received all of Plaintiff's available medical and school records. Tr. 39, 47. While Dr. McDevitt did not cite medical sources by name, other than Dr. Veltkamp, he did cite medical records from the years following Dr. Veltkamp's examination as indicative that Plaintiff did fairly well in a structured environment, Tr. 48, 52 (citing Tr. 381-388, 444-496, 499-559), and specifically cited medical records

from Central Washington Comprehensive Mental Health as "the best" records, Tr. 48 (citing Tr. 499-559). Plaintiff's argument is without merit.

Plaintiff also takes issue with Dr. McDevitt's opinion that Plaintiff was too high functioning. ECF No. 16 at 14-16. While Plaintiff is correct that it is clear from a review of the record that Plaintiff is not a high functioning individual, Dr. McDevitt did not state that Plaintiff was high functioning. Rather, Dr. McDevitt testified the record reflected Plaintiff was too high functioning to be limited to a sheltered workshop and that Plaintiff should be capable of performing simple, repetitive work and some complex work. Tr. 50. Dr. McDevitt's opinion in this regard is supported by the weight of the record evidence.

It is the responsibility of the ALJ to determine credibility, resolve conflicts in medical testimony and resolve ambiguities, *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996), and this Court may not substitute its own judgment for that of the ALJ, 42 U.S.C. § 405(g). Where, as here, the ALJ has made specific findings justifying a decision, and those findings are supported by substantial evidence in the record, this Court's role is not to second-guess that decision. *Fair*, 885 F.2d at 604.

## CONCLUSION

Based on the foregoing, the Court finds the ALJ's interpretation of the medical record is supported by the weight of the evidence of record. The ALJ provided specific and legitimate reasons for giving little weight to the January 2006 opinions of Dr. Veltkamp; significant weight to the opinion of Dr. Dougherty, while also rejecting part of his opinion; and significant weight to the opinion of medical expert McDevitt. Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED August 14, 2017.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE